IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BSH PROPERTY, LLC, HALE'S BREAKFAST AND LUNCH, INC., and BRIAN HALE,<br><br>　　　　　Plaintiffs,<br>　v.<br><br>BELFOR USA GROUP, INC. d/b/a BELFOR PROPERTY RESTORATION and BRIAN PRISEL,<br><br>　　　　　Defendants. | Case No.: 3:23-cv-01584-AN<br><br>OPINION AND ORDER |

　　　　　Plaintiffs BSH Property, LLC ("BSH"), Hale's Breakfast & Lunch, Inc. ("Hale's Breakfast"), and Brian Hale ("Hale") (collectively, "plaintiffs") bring this action against defendants Belfor USA Group, Inc. ("Belfor") and Brian Prisel alleging a breach of contract claim. Plaintiffs originally filed in Multnomah County Circuit Court, and defendants removed the case to this Court under diversity jurisdiction. On November 3, 2023, Belfor filed a Motion to Dismiss and Request for Judicial Notice, ECF [7], arguing that plaintiffs' claims are precluded and should be dismissed. After reviewing the parties' pleadings, the Court finds that oral argument will not help resolve this matter. Local R. 7-1(d). For the following reasons, defendants' motion is GRANTED.

## LEGAL STANDARD

　　　　　A motion to dismiss for failure to state a claim is appropriate when the allegations within a complaint do not "state a claim to relief that is plausible on its face." *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (internal quotation marks omitted).

1

When evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *see Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). While the court must draw all reasonable inferences from the factual allegations in favor of the plaintiff, *Newcal Indus. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008), the court need not credit legal conclusions that are couched as factual allegations, *Ashcroft*, 556 U.S. at 678-79.

## BACKGROUND

A.  **Complaint Allegations**

Belfor is a Colorado business that performs construction, remediation, and restoration services. Notice of Removal, ECF [1], Ex. 1, ¶ 2. On March 13, 2018, a property that Hale owned located in Milwaukie, Oregon (the "Property") suffered a catastrophic fire. *Id.*, Ex. 1, ¶¶ 1, 4. The business became inoperable and the premises uninhabitable. *Id.*, Ex. 1, ¶ 4. On September 3, 2018, Hale contracted with Belfor for restoration, construction, and remediation services. *Id.*, Ex. 1, ¶ 5. Plaintiff alleges that Belfor knew that a material term to the contract was that the work would be completed by March 13, 2019, before Hale's insurance coverage ended. *Id.*, Ex. 1, ¶ 6.

On October 18, 2018, blueprints for the restoration, construction, and remediation of the Property were prepared. *Id.*, Ex. 1, ¶ 7. However, they were not stamped or approved by Clackamas County until April 4, 2019. *Id.*, Ex. 1, ¶¶ 7, 9. On October 30, 2018, Belfor began work with the unapproved plans. *Id.*, Ex. 1, ¶ 7. Based on the unapproved plans, plaintiff alleges that Belfor made numerous errors during the reconstruction. *Id.*, Ex. 1, ¶¶ 7-8, 12, 13. Further, plaintiff alleges ongoing, numerous issues with the timeliness of the work and Belfor's communication about anticipated completion deadlines. *Id.*, Ex. 1, ¶¶ 10-12. The premises passed final inspection on July 2, 2020. *Id.*, Ex. 1, ¶ 14. From the day Belfor secured the premises, it took two years, three months, and twelve days to complete the work. *Id.*

B. **Documents Subject to Judicial Notice**

Pursuant to Federal Rule of Evidence 201, defendants ask this Court to take judicial notice of documents filed in a prior state court action (the "State Action"), *BSH Property, LLC v. Belfor Property Restoration*, No. 21CV03381, as well as documents from the Oregon Secretary of State's business name search. Plaintiff does not appear to oppose the request.

Federal Rule of Evidence 201 allows a court to take judicial notice of "matters of public record," without converting a motion to dismiss into a motion for summary judgment if the facts in those records (1) are generally known within the court's jurisdiction; or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court may take judicial notice of documents filed in other cases only to determine what issues were actually litigated. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

Upon review of the documents, each of the requested documents are undoubtedly matter of public record and are relevant to the issues presently before the Court. Accordingly, the Court takes judicial notice of the eleven exhibits attached to the Declaration of Mario R. Nicholas ("Nicholas Decl."), ECF [8], for the limited purpose of determining what issues were previously raised and litigated. Those documents provide the following additional background.

On January 28, 2021, BSH filed a complaint in Clackamas County Circuit Court against Belfor Property Restoration[1], alleging negligence and seeking $225,000 in damages. Nicholas Decl., Ex. 1. The factual basis for the claim centered on the work that Belfor performed at the Property between 2018 and 2020. *Id.* BSH alleged that Belfor's negligent performance of the reconstruction and repair work delayed completion of the work and caused a foreseeable loss of rental income. *Id.*, Ex. 1, ¶¶ 20-21.

On March 4, 2022, Belfor filed a motion for summary judgment, arguing that the economic loss doctrine barred BSH from recovering lost rental income under a negligence theory. *Id.*, Ex. 2, at 3-4. Although Belfor acknowledged that such a theory could be maintained under a breach of contract claim, it

---

[1] "Belfor Property Restoration" is the "doing business as" name for Belfor USA Group.

argued that such a claim would not be viable because the contract did not have a time-essence clause. *Id.*, Ex. 2, at 4-5. BSH did not respond to the motion, opting instead to file a motion to amend its complaint to substitute its negligence claim for a breach of contract claim. *Id.*, Ex. 3, at 1-2. The proposed amended complaint alleged that Belfor breached an oral contract with BSH that included a term that the construction would be completed before the business loss insurance ended. *Id.*, Ex. 3, at 4, 7-9. Hale submitted a declaration in support of the motion, in which he stated that such a clause existed in an oral contract created by his conversations with a Belfor employee. *Id.*, Ex. 4, at 1.

On June 1, 2022, the court heard oral argument on the motion for summary judgment and granted it.[2] *Id.*, Ex. 5. On June 6, 2022, the court heard oral argument on the motion to amend and denied it.[3] *Id.*, Ex. 6. On June 14, 2022, BSH filed objections to Belfor's proposed general judgment, arguing that dismissal should not be entered with prejudice because it intended to file a new complaint alleging a breach of contract claim. *Id.*, Ex. 7. On July 26, 2022, the court entered a General Judgment of Dismissal, dismissing the case with prejudice, and stating that summary judgment for Belfor was granted on June 1, 2022, and BSH's motion to amend was denied on June 6, 2022. *Id.*, Ex. 8.

## DISCUSSION

Belfor argues that this case should be dismissed because it is barred by claim preclusion. When a prior action is litigated in state court and results in a state-court judgment, federal courts must apply the preclusion law of the state in which the judgment was rendered. *Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 81 (1984).

Under Oregon law, the threshold inquiry for claim preclusion is whether a plaintiff has prosecuted one action against a defendant through to a final judgment. *Drews v. EBI Cos.*, 310 Or. 134, 140, 795 P.2d 531 (1990). If so, then the plaintiff is barred from prosecuting a subsequent action against

---

[2] The order granting the motion was signed on June 24, 2022; however, the judgment states that summary judgment was granted on June 1, 2022. Nicholas Decl., Ex. 8, at 1.

[3] The order denying the motion was signed on September 19, 2022; however, the judgment states that it was denied on June 6, 2022. *Id.*

the same defendant when the claim in the second action: (1) is based on the same factual transaction that was at issue in the first; (2) seeks a remedy additional or alternative to the one sought earlier; and (3) is of such a nature as could have been joined in the first action. *Id.* As stated by the Oregon Supreme Court, the "rule forecloses a party that has litigated a claim against another from further litigation on that same claim on any ground or theory of relief that the party could have litigated in the first instance." *Bloomfield v. Weakland*, 339 Or. 504, 511, 123 P.3d 275 (2005) (citation omitted). Thus, if "a given state of facts is susceptible to alternative interpretation and analysis," then a "plaintiff must seek and exhaust all alternative grounds or theories for recovery in one action." *Dean v. Exotic Veneers, Inc.*, 271 Or. 188, 194, 531 P.2d 266 (1975); *see Peterson v. Temple*, 323 Or. 322, 326, 918 P.2d 413 (1996) ("[A] plaintiff must join all claims that the plaintiff has against a particular defendant in a single action when those claims arise from the same set of factual circumstances.").

"[C]laim preclusion does not require actual litigation of an issue of fact or law." *Drews*, 310 Or. at 140. Nor does it "require that the determination of the issue be essential to the final or end result reached in the action, claim or proceeding." *Id.* The central question is, in essence, whether a party had the opportunity to litigate, and whether or not that opportunity was used. *Id.* In the context of claim preclusion arguments, a claim "does not mean the particular form or proceeding by which a certain kind of relief is sought but, rather, a group of facts which entitled plaintiff to relief." *Troutman v. Erlandson*, 287 Or. 187, 201, 598 P.2d 1211 (1979).

In sum, claim preclusion entails three inquiries: (1) were the parties in the State Action the same parties presently before the Court; (2) did the claim in the State Action arise from the same factual transaction as the claim presently before the Court; and (3) was the judgment in the State Action a "final judgment" with preclusive effect. Plaintiffs have not disputed that both claims arise from the same factual transaction. Thus, the Court considers this element conceded, and addresses only the first and third inquiries.

Plaintiffs' sole argument against preclusion implicates both inquiries. First, plaintiffs argue that the parties are not the same because the defendant in the State Action was "Belfor Property

5

Restoration," whereas the defendant in this case is "Belfor USA Group, Inc."  Plaintiff emphasizes that Belfor USA Group never filed an appearance in the State Action, and the only time its name appeared in the State Action was under counsel's signature on the motion for summary judgment.  Anticipating this argument, Belfor argues that the parties are the same in both actions because "Belfor Property Restoration" is not a separate entity from, or subsidiary of, Belfor USA Group, but rather is the same entity.  Belfor highlights that the summons from the State Action was addressed to "c/o Registrant Belfor Group USA," and was directed to the agent for service of process for Belfor USA Group.  Nicholas Decl., Ex. 9.

Further, plaintiffs contend that Belfor Property Restoration is "not an entity at all; . . . [t]hus, there was no defendant at all in the prior action."  Pls.' Resp. to Def.'s Mot. to Dismiss, ECF [10], at 2.  Because the State Action, in plaintiffs' view, lacked a defendant capable of being sued, they argue that the State Action judgment is a "nullity," seemingly implying that the judgment cannot have preclusive effect.  *Id.*

The only case that plaintiffs rely on for this argument is *Robinson v. Scott*, 81 Or. 20, 29, 158 P. 268 (1916).  In that case, the plaintiff commenced a lawsuit against a deceased man, but argued that the court had jurisdiction to substitute the man's heirs as the proper party.  *Id.* at 28.  However, the Oregon Supreme Court disagreed, holding that the case was a "nullity" because "there was in reality no defendant at all."  *Id.* at 29-30.  In essence, the court held that the complaint could not be amended because "there was no action" that commenced.  *Id.* at 29.

As an initial matter, plaintiffs offer no explanation as to how a motion for summary judgment, or proposed general judgment, or appearances at oral argument could have occurred in the State Action if there was "no defendant all."  *Robinson* involved a defendant who would have been wholly incapable of litigating an action, but plaintiffs have not denied that BSH did, in fact, litigate against *someone* in the State Action.  That is, they do not deny that *someone* filed a motion for summary judgment or that *someone* appeared at oral argument; yet they propose that Belfor USA Group never "defended in the negligence action."  Pls.' Resp. 2.

Regardless, as Belfor points out, there is compelling evidence that *Robinson* is no longer

6

good law. In *Mitchell v. Timbers*, 163 Or. App. 312, 987 P.2d 1236 (1999), the Oregon Court of Appeals stated, "*Robinson* is analytically irreconcilable with case law applying ORCP 23 C to situations where the defendant has been misnamed in a complaint." *Id.* at 317. Indeed, the Court finds *Mitchell* far more persuasive authority for whether filing a complaint against an entity that is not capable of being sued can commence an action.

In *Mitchell*, the plaintiff was injured at a bar named The Timbers, and filed a complaint alleging negligence, naming "The Timbers" as the only defendant. *Id.* at 314. "The Timbers" was an assumed business name registered to Stanley Sanglier. *Id.* The summons was addressed to "Stanley Sanglier, The Timbers, defendant" and the complaint was served on Sanglier. *Id.* The defendant filed a motion to dismiss, and, as described by the Court of Appeals, "The gist of defendant's motion to dismiss was that plaintiff had failed to name as defendant an entity capable of being sued." *Id.* Though the plaintiff sought to file an amended complaint that listed the defendants as "Stanley P. Sanglier: The Timbers: Stanley P. Sanglier d.b.a. The Timbers: Does 1-8," the trial court denied the motion and granted defendant's motion to dismiss. *Id.* at 314-15. The court reasoned that the action was not commenced against Sanglier within the statute of limitations, and plaintiff's proposed amendment did not relate back to the action under ORCP 23(C). *Id.* at 315.

The plaintiff appealed, arguing that the proposed second amended complaint related back to the original filing because Sanglier had notice of the action before the statute of limitations expired. *Id.* Relying on *Robinson*, the defendant argued that the original complaint did not commence an action for the second proposed complaint to relate back to because the plaintiff had not named an individual capable of being sued. *Id.* at 316. The Court of Appeals sided with plaintiff, highlighting that *Robinson* "was decided well before the modern rule of procedure found in ORCP 23 C" and that, since ORCP 23(C)'s existence, "the courts have followed 'a legislatively directed trend away from strict construction of the pleadings.'" *Id.* at 317 (quoting *Smith v. Wells*, 128 Or. App. 492, 498, 876 P.2d 850 (1994)). Instead, the court held that the test outlined in *Harmon v. Meyer*, 146 Or. App. 295, 299-300, 933 P.2d 361, 364 (1997), governed the issue of whether amending a complaint to correct a party's name would not constitute a change of parties.

*Mitchell*, 163 Or. App. at 318. After applying the test, the court found that Sanglier understood from the pleadings that he was the entity intended to be sued, and amending the complaint was not a change of parties. *Id.* at 318-20.

Though *Mitchell* does not address the precise issue raised by plaintiffs, it confirms that commencing a case against an entity that is not capable of being sued does not, automatically, render the case a nullity. *Harmon* provides additional insight, which the Court finds instructive.

In *Harmon*, the plaintiff filed the original complaint against "Interlake, Inc.," which was not an entity that existed. 146 Or. App. 297-98. The plaintiff had intended to sue "The Interlake Companies, Inc.," and served the summons and original complaint on the registered agent for The Interlake Companies. *Id.* Approximately a month after the statute of limitations on his claim ran, the plaintiff filed an amended complaint that changed the defendant's name to "The Interlake Corporation" and "The Interlake Companies, Inc." and served the amended complaint on the registered agent for The Interlake Companies. *Id.*

The trial court granted the defendant's motion for summary judgment after finding that the plaintiff's claims were barred because the amended complaint changed a party and did not relate back to the first complaint. *Id.* at 297-98. On appeal, the Oregon Court of Appeals emphasized that a complaint caption "is not dispositive of the identity of the entity intended to be sued," and that "it is appropriate to refer to the allegations of the complaint 'and other sources' for the purposes of determining whether the original complaint identified the correct entity as a defendant." *Id.* at 300 (citing *Johnson v. Manders*, 127 Or. App. 147, 151, 872 P.2d 420 (1994)).

Using this framework, the court articulated a two-part test for determining when amending a party name does not constitute a "change in party": (1) the plaintiff "serves the correct entity with a copy of the original complaint"; and (2) "the correct entity should reasonably have understood from the pleadings that it is the entity intended to be sued." *Id.* at 299-300. Applying that test to the plaintiff's complaint and summons, the court held that the plaintiff had merely misnamed the defendant; thus, the "defendant was a party to the original complaint, [and] the amendment of the pleadings to correct its name was not a change in parties." *Id.* at 301-02.

Plaintiffs maintain that *Harmon* is not applicable, arguing that Belfor was not misnamed in the State Action; rather, the State Action had no defendant. Yet, *Harmon* is clear: if the two-part test is met, then a properly named party is still a party to the original complaint, even if the complaint misnamed the party. Indeed, it explicitly contradicts the crux of plaintiffs' argument: "The caption of a complaint is not dispositive of the identity of the entity to be sued." *Id.* at 300. Put simply, when amending the complaint by substituting the correct name for a misnamed party is not "a change in party," it follows that the incorrectly named party is, in fact, one and the same as the correctly named party. While it is true that both *Mitchell* and *Harmon* involved plaintiffs who amended their pleadings to correct a misnamed defendant, whereas BSH declined to do so, it does not stand to reason that plaintiffs should reap the benefit of their own failure to remedy a mistake.

Applying the *Harmon* test to the present circumstances, the State Action summons and complaint was addressed to "Belfor Property Restoration c/o Registrant Belfor Group USA" and the summons was directed to the agent for service of process for Belfor USA Group. Nicholas Decl., Ex. 9; *see* Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF [7], at 12. Thus, the first *Harmon* element is likely met because the correct entity was served with a copy of the original complaint. Further, it appears clear that Belfor USA Group understood that it was the entity intended to be sued: Belfor USA Group argues that it did litigate the action, which is supported by the attorney signature caption on Belfor's motion for summary judgment in the State Action that reads, "Attorneys for BELFOR USA Group, Inc." Nicholas Decl., Ex. 2, at 7.

Thus, Belfor USA Group was properly served with a copy of the original complaint, and reasonably understood from the pleadings that it was the entity intended to be sued in the State Action. Therefore, Belfor USA Group was a party to the complaint in the State Action, meaning the parties in both actions are the same. Further, because the State Action was litigated by Belfor USA Group, misnomer aside, the judgment is not a "nullity" and has preclusive effect. *See Sandgath v. Jagger*, 165 Or App. 375, 384, 996 P.2d 1001 (2000) ("'With prejudice' in Oregon . . . has a broadly preclusive meaning.").

The only remaining question is whether this claim is precluded solely against Belfor, or if

9

it is precluded against Prisel as well.  Belfor argues that dismissal is appropriate against both defendants because the only "real controversy" in both the State Action and the present case is between BSH and Belfor.  Def.'s Mot. 15 (citing *W. Baptist Home Mission Bd. v. Griggs*, 248 Or. 204, 209-10, 433 P.2d 252 (1967)).  Plaintiffs do not address this argument, but the Court agrees with Belfor.

Based on the complaint, it appears clear that Prisel is not a "real party" whose interests would be "affected by the litigation."  *Neppach v. Jones*, 28 Or. 286, 288, 42 P. 519 (1894).  Prisel is mentioned only twice in the complaint: (1) when he is described as an "agent of Belfor" who "acted within the course and scope of his employment," Notice of Removal, Ex. 1, ¶ 3; and (2) when it is noted that he provided the estimate, *id.*, Ex. 1, ¶ 5.  This is insufficient to make him a real party at interest, particularly when plaintiffs do not appear to seek damages from Prisel, and the breach of contract claim itself never mentions Prisel.[4]  *See id.*, Ex. 1, ¶¶ 16-17 (stating "Hale entered into a contract *with Belfor*" and that "*Belfor* materially breached the contract" (emphases added)).  Adding Prisel as a defendant does not limit the State Action judgment's preclusive effect.  *See First Nat. Bank of Burns v. Buckland*, 130 Or. 364, 372, 280 P. 331 (1929) (holding that adding defendant in second case did not limit first case's preclusive effect against plaintiff where plaintiff could have raised its claim in the first case despite defendant's absence).

## CONCLUSION

Accordingly, defendant Belfor USA Group, Inc.'s Motion to Dismiss, ECF [7], is GRANTED.  This case is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this 28th day of March, 2024.

                                                                                  Adrienne Nelson
                                                                                   United States District Judge

---

[4] Even if plaintiffs' claim was not precluded against Prisel, as Belfor aptly notes, the complaint fails to allege a viable claim against Prisel.  Thus, dismissal is appropriate against him on this basis as well.